UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Diane Halverson,               ) <br>         Plaintiff,       ) <br> v.                            ) <br>                               ) <br> EASTERN SLOPE RV LLC, D/B/A  ) <br> EASTERN SLOPE CAMPING AREA  ) <br> &                                ) <br> EASTERN SLOPE RV GP, LLC     ) <br>         Defendant       ) <br>                               ) | Civil Action No. _____ <br><br><br><br><br><br><br> JURY TRIAL REQUESTED |

## **COMPLAINT**

### I. NATURE OF THE ACTION

1.      This action is brought by the Plaintiff, Diane Halverson against Eastern Slope RV LLC d/b/a/ Eastern Slope Camping Area and Eastern Slope RV GP, LLC, defendant for the negligently failing to use reasonable care to inspect and maintain the trees around the campsite Plaintiff was directed to use.  Specifically, the Defendants negligently failed to remove a decayed tree limb from a decayed tree causing the tree limb to fall on the Plaintiff's face and neck causing serious and permanent injuries.

### II. PARTIES

2.      The Plaintiff, Diane Halverson, is a Massachusetts resident with a physical address of 3 Palamino Way in Ipswich, Massachusetts 01938.

3.      Defendant, Eastern Slope RV, LLC, doing business as Eastern Slope Camping Area, is a New Hampshire for-profit limited liability company doing business in New Hampshire with a principal place of business located at 1266 Furnace Brook Pkwy, Ste 300, in Quincy, Massachusetts 02169.

4.      Defendant, Eastern Slope RV GP, LLC, is a New Hampshire for-profit limited liability company doing business in New Hampshire with a principal place of business located at 1266 Furnace Brook Pkwy, Ste 300, in Quincy, Massachusetts 02169.

### III.  JURISDICTION and VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the Defendants are citizens of New Hampshire and the Plaintiff is a citizen of Massachusetts and the amount in question exceeds $75,000.00.

6.      Venue is proper pursuant to 28 U.S.C. § 1402 (b) because the acts and omissions complained of occurred within the district.

### IV.  FACTUAL ALLEGATIONS

7.      The Plaintiff, Diane Halverson, was a guest of Campsite #11 at the Eastern Slope Camping Area starting on October 7, 2024 and was scheduled to stay there for 3 nights, checking out on October 10, 2024.

8.      The Defendant Eastern Slope RV, LLC ("Eastern Slope RV") is the owner of the property operating as the Eastern Slope Camping Area.  Upon information and belief, the Defendant Eastern Slope RV is operating the Eastern Slope Camping Area as a for-profit business.

9.      Upon information and belief, the Defendant Eastern Slope RV, GP, LLC ("Eastern Slope GP") also operates the Eastern Slope Camping Area as a for-profit business.

10.      On the morning of October 10, 2024, Ms. Halverson was packing up Campsite #11 to head home. She sat down to take a break.

11.      The temperature was approximately 51 degrees F. The wind was light, from the north-northwest at 4-6 mph, with minor gusts up to only 5-7 mph.

2

12. At approximately 10:25 a.m., a limb from one of the silver maple trees (Silver Maple) surrounding Campsite #11, measuring approximately 9 inches in diameter and approximately 29 feet in length, fell approximately 43 feet and crashed down onto Ms. Halverson's face, causing significant injuries to her person.

13. As a result of the Silver Maple limb smashing into her face, Ms. Halverson fell to the ground, unconscious but breathing.

14. When EMS arrived, they found the Plaintiff semiconscious with teeth missing and bleeding from her face and head.

15. She was transported to the local hospital where she received emergency medical treatment and was transported by medical helicopter to Mass General Hospital and was admitted to the ICU.

16. Ms. Halverson was admitted to the hospital for 7 days before she was transferred to in-patient rehab treatment, where she was admitted until October 28, 2024.

17. The Silver Maple was found to have a prior large branch failure; one large branch having fallen into the river below.

18. The trunk of the Silver Maple was observed to have a cavity, indicating interior defect and decay, and declining health of the overall tree.

19. The condition of the Silver Maple branch showed that it had been dead for a period of time, which would have been evident long before it fell on October 10, 2024.

**V. COUNT I – NEGLIGENCE**

20. Plaintiff Diane Halverson incorporates all preceding paragraphs as if fully stated herein.

21. The Silver Maple Limb was decayed prior to falling, a condition that would have

been visible to the Defendants for the entirety of the 2024 camping season, causing a hazard to the users of Campsite #11.

22.    The Defendants had a duty to use ordinary care and prudence in maintaining and operating their property in a safe condition for the Plaintiff and all other customers that were paying for the privilege of camping on the Defendants' property.

23.    These duties included mitigating obvious hazards.  Defendants had a duty to promptly and effectively address hazard trees such as the Silver Maple which was directly over an area of the campground Defendants specifically directed the Plaintiff to use.  Defendants had a duty to use reasonable care to identify and remove dangerous trees or limbs that created hazards in the camping areas to which the Plaintiff and other customers were directed.

24.    Defendants had a duty to inspect wooded areas across the campground to identify hazard trees and tree limbs.  A reasonable inspection would have revealed that the Silver Maple was a substantial fall risk.

25.    Notwithstanding these duties owed by the Defendants to the Plaintiff, the Defendants did unreasonably and negligently fail to use reasonable care to inspect the trees around the campsite Plaintiff was directed to use, unreasonably and negligently failed to identify the Silver Maple and the limb in question as a hazard to customers, and unreasonably and negligently failed to remove the limb of the Silver Maple or the Silver Maple in its entirety.

26.    As a direct and proximate result of the Defendant's breach of its duties owed to the Plaintiffs, Diane Halverson was hit in the face and chest by a dead Silver Maple limb, causing her to suffer grievous physical injury on October 10, 2024.

27.    Plaintiff Diane Halverson has incurred and will continue to incur significant medical expenses to effect a partial cure for her injuries, her medical expenses to date total over

$248,000.00, she has suffered significant permanent injury, has endured conscious pain and suffering, and loss of enjoyment of life, all because of the Defendant's negligence and in an amount to be determined within the jurisdiction of this Honorable Court.

Respectfully submitted,
Diane Halverson

By Her Counsel,
UPTON & HATFIELD, LLP

Date:  May 29, 2026                    By:    /s/ Michael S. McGrath
                                              Michael S. McGrath (NHBA 12563)
                                              10 Centre Street
                                              Concord, NH  03301
                                              603-224-7791
                                              e-mail:  mmcgrath@uptonhatfield.com